# (September 24, 1957)

■ In the Matter of JONNIE L. MACFADDEN, Respondent, against BERNARR MACFADDEN, Judgment Debtor, and BERNARR MACFADDEN FOUNDATION, INC., Appellant.— On this application to punish for contempt, the omnibus prayer for relief does not support the order enabling the judgment creditor to proceed against the third party for the collection of an alleged debt owing to the judgment debtor. The order appealed from confirms the report of the Referee to the extent that it finds no contempt. Thereupon, the motion should have been denied, the sole basis advanced for relief, the alleged contempt, not having been established. This order should be modified to the extent of deleting from the first decretal paragraph all matter following " Section 781 of the Civil Practice Act," and deleting therefrom the second decretal paragraph, and as so modified, affirmed. Settle order on notice. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ In the Matter of the Arbitration between MAX GORDON, Respondent, and DRAMATISTS' GUILD OF THE AUTHORS' LEAGUE OF AMERICA, INC., Respondent. GARSON KANIN et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent Max Gordon. No opinion. Concur — Peck, P. J., Rabin, Frank, Valénte and McNally, JJ.

■ GILBERT CALDERONE, an Infant, by His Guardian ad Litem, ANIBAL CARRION, Respondent, v. 160 ST.-TRINITY AVE., Co., INC., Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank and Valente, JJ.

■ PEASE & ELLIMAN, INC., Respondent, v. S. H. KRESS & Co., Appellant. — Order denying motion to vacate plaintiff's notice of examination of a former officer of the defendant should be modified as herein provided and affirmed. The person sought to be examined was so related to the transactions here involved that we conclude that the examination ought to be allowed. (*Manufacturers Trust Co.* v. *American Nat. Fire Insurance Co.,* 232 App. Div. 536; *Southbridge Finishing Co.* v. *Golding,* 2 A D 2d 430.) We note that in January, 1957, this case was marked off the Trial Calendar for plaintiff's failure to file a statement of readiness in accordance with our Special Rule Respecting Calendar Practice. On or about April 26, 1957, plaintiff served its statement of readiness and moved to restore the action to the Trial Calendar. This motion was granted without opposition. On or about May 27, 1957, this action appeared on the day calendar. Apparently defendant was ready to proceed to trial in the June, 1957, Term. Plaintiff, however, requested an adjournment and the cause was adjourned on consent to the October, 1957, Term of court. On June 6, 1957, plaintiff served a notice to take the deposition of one Arthur F. Guerber, former assistant secretary of defendant. It appearing that the pretrial proceedings, stated by the plaintiff to have been completed in its statement of readiness, have not, in fact, been completed, the order herein should provide that this cause is to be marked off the Trial Calendar, subject to restoration on motion in the discretion of the Justice presiding at the calendar part, in the event plaintiff elects to proceed with the said examination, and, if plaintiff elects not to so proceed, the cause is to remain on the calendar. Plaintiff's election shall be made on the settlement of the order. Settle order. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.

■ In the Matter of AULA CHEMICALS, INC., Respondent. WILLIAM B. WILSON et al., Appellants.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Peck, P. J., Rabin, Frank, Valente and McNally, JJ.